UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SHAVETTA GEORGETTA JOHNSON,<br><br>Defendant. | 4:22-CR-40071-01-KES<br><br><br>ORDER DENYING MOTION TO DISMISS |

Defendant, Shavetta Georgetta Johnson, moves to dismiss the indictment on the grounds that her statutory and constitutional speedy trial rights have been violated. 2022 Docket 16.[1]  The government opposes the motion. 2022 Docket 20. For the following reasons, the court denies Johnson's motion to dismiss.

**FACTUAL BACKGROUND**

On October 6, 2020, Johnson was indicted on one count of conspiracy to distribute a controlled substance and one count of distribution of a controlled substance resulting in death or serious bodily injury. Docket 1. Johnson had her initial appearance before Magistrate Judge Veronica Duffy on October 23, 2020. Docket 9. Amanda Kippley, an Assistant Federal Public

---

[1] The court will cite to documents from this case (22-CR-40071) with "2022" followed by the docket number. Documents from Johnson's original criminal case (20-CR-40114) will be cited with the docket number alone.

Defender, noted her appearance on behalf of Johnson. Docket 10. On October 26, 2020, the court entered a scheduling order that set Johnson's trial for December 29, 2020. Docket 16. Also on October 26, Kippley moved to withdraw as Johnson's counsel, and the next day, Magistrate Judge Duffy granted the motion and appointed Brett Waltner to represent Johnson. Dockets 15, 17. On November 17, 2020, Waltner moved to withdraw as Johnson's counsel, and that same day, Magistrate Judge Duffy granted the motion and appointed Nicole Griese to represent Johnson. Dockets 23, 24.

On December 10, 2020, Johnson moved for a 60-day continuance, stating that "[d]iscovery production is ongoing and additional time is required to properly review and investigate discovery with [Johnson] before defense counsel can competently advise [Johnson] if a plea agreement or trial is in [Johnson]'s best interest."[2] Docket 29. The court granted this motion the same day, resetting trial for March 2, 2021, finding that "the ends of justice served by continuing this trial outweigh[ed] the best interests of the public and [Johnson] in a speedy trial" for the reasons defense counsel offered in the

---

[2] As with each of the continuances in this matter, Johnson moved for this continuance through her attorney, Nicole Griese. Johnson also signed a written consent to each continuance, Dockets 28, 34, 37, 41, 45, 48, 52, except for the final continuance filed in the 2020 case. The lack of a written consent for the final continuance is immaterial, however, as the Speedy Trial Act excludes delay "resulting from a continuance granted . . . at the request of the defendant *or [her] counsel* . . . ." 18 U.S.C. § 3161(h)(7)(A) (emphasis added). This means that counsel may move for a continuance without the defendant's consent. *United States v. Herbst*, 666 F.3d 504, 510 (8th Cir. 2012).

motion.[3] Docket 30. On February 11, 2021, Johnson moved for another 60-day continuance for the same reasons stated in her first motion, and the court granted this motion the next day, resetting trial for May 4, 2021. Dockets 33, 35. On March 23, 2021, Johnson moved for a third 60-day continuance on the same grounds, and the court granted this motion the same day, resetting trial for July 6, 2021. Dockets 36, 38.

On June 21, 2021, Johnson moved for a 30-day continuance, for the same reasons stated in the first three motions. Docket 42. The court granted this motion the same day and reset trial for August 9, 2021. Docket 43. On June 25, 2021, the court entered an amended order granting the continuance, moving the trial date back one day, to August 10, 2021. Docket 44. On July 14, 2021, Johnson moved for a 90-day continuance on the same grounds as the previous motions, and the next day, the court granted the continuance and reset trial for November 9, 2021. Dockets 46, 47.

On October 21, 2021, Johnson filed a motion for continuance on the same grounds as the previous motions and asked for a "firm trial date" for either December 2021 or January 2022. Docket 49. The court granted this motion and reset trial for December 14, 2021. Docket 50. But then on November 30, 2021, Johnson asked for another continuance on the same grounds, this time asking for a "firm trial date" in February 2022. Docket 51.

---

[3] The court expressly made this finding each time it granted one of Johnson's motions for a continuance in her 2020 case. Dockets 30, 35, 38, 43, 44, 47, 50, 53, 59.

The court granted the continuance and reset trial for March 1, 2022. Docket 53.

On February 4, 2021, Johnson requested another 90-day continuance, stating that the government provided the defense with "an expert report on January 28, 2022 [for] a witness [it] intend[ed] to call [at] trial on March 1, 2022[,]" and that the defense "would like an opportunity to hire an independent defense expert to review the report, the medical records, and opine on the issue in [Johnson]'s defense." Docket 58. The court granted the continuance the same day, and it reset trial for May 31, 2022. Docket 59.

On May 26, 2022, Johnson pleaded guilty to Count 1 of the indictment at a change of plea hearing held just prior to the pretrial conference for the remaining count. Docket 80. At the pretrial conference, the government orally moved to amend the indictment because the date of offense in the indictment was incorrect. *See* Docket 82 at 1-2. The court orally denied this motion because it believed only the grand jury could amend an indictment regarding a material matter such as the date of when the offense occurred. *See id.* Later that day, the government moved to dismiss Count 2 without prejudice. Docket 81. Johnson objected, arguing that to protect Johnson's right to a speedy trial, the matter should either proceed to trial as scheduled, or the court should grant the motion to dismiss Count 2 with prejudice. Docket 82 at 5. The court granted the government's motion and Count 2 of the Indictment was dismissed without prejudice. Docket 83.

On July 6, 2022, the government filed a new indictment against Johnson, charging distribution of a controlled substance resulting in death or serious bodily injury, just as in Count 2 in the 2020 indictment, except this identifies the correct date of the offense. *See* 2022 Docket 1. On July 11, 2022, Johnson had her initial appearance for this indictment before Magistrate Judge Duffy. 2022 Docket 6. Also on July 11, 2022, the court entered a scheduling order setting trial for July 26, 2011. 2022 Docket 12. Johnson objected to this trial date because it was within 30 days from her initial appearance, and Johnson had not waived this time under 18 U.S.C. 3161(c)(2). 2022 Docket 13. The court then entered an amended scheduling order resetting the trial for August 30, 2022. 2022 Docket 14. Johnson now moves to dismiss the indictment with prejudice for violating her speedy trial rights under the Speedy Trial Act and the Sixth Amendment to the Constitution. 2022 Docket 16.

## DISCUSSION

The court independently analyzes Johnson's right to a speedy trial under the Speedy Trial Act and the Sixth Amendment to the Constitution. *See United States v. Johnson*, 990 F.3d 661, 666 (8th Cir. 2021) (quoting *United States v. Williams*, 557 F.3d 943, 948 (8th Cir. 2009)).

## I.   Statutory Speedy Trial Rights

Under the Speedy Trial Act, a trial must "begin within 70 days of the filing of an information or indictment or the defendant's initial appearance[,]" whichever is later. *Zedner v. United States*, 547 U.S. 489, 497 (2006) (citing 18 U.S.C. § 3161(c)(i)). A Speedy Trial clock triggered by an initial appearance

begins to run the day after the initial appearance. *See United States v. Yerkes*, 345 F.3d 558, 561 (8th Cir. 2003). But "the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner*, 504 U.S. at 497. Section 3161(h)(1)(D) excludes the "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" from calculating time under the Speedy Trial Act. Section 3161(h)(7) permits a district court to grant a continuance and exclude the delay in calculating time under the Speedy Trial Act if the court makes findings on the record that "the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial." *Id.* at 498-99. "The court must make the findings, 'if only in the judge's mind, before granting the continuance.'" *Johnson*, 990 F.3d at 668 (citing *Zedner*, 547 U.S. at 506). The day a motion is filed and the day the court disposes of the motion are both excluded from the Speedy Trial calculation. *See United States v. Long*, 900 F.2d 1270, 1276 (8th Cir. 1990) ("On March 5, 1987, the government moved for a stay in the proceedings pending its interlocutory appeal of the court's adverse ruling. The court granted this motion on March 6. These two days are excludable.").

"[W]here an indictment is dismissed on the government's motion and a defendant is later reindicted, the seventy-day period continues to run from the first indictment." *United States v. Leone*, 823 F.2d 246, 248 (8th Cir. 1987). "[T]he dismissal of the first indictment temporarily stops the running of the 'speedy trial clock[,]'" and the clock restarts when the defendant is reindicted

6

or when the she makes an initial appearance on the new indictment, whichever is later. *Id.*

Here, Johnson made her initial appearance in the 2020 case on October 23, 2020, starting the Speedy Trial clock the next day, on October 24, 2020. Docket 9; *see Yerkes*, 345 F.3d at 561.  Two days[4] of non-excludable time elapsed before her counsel moved to withdraw on October 26, 2020, stopping the clock. Docket 15. On October 27, 2020, this motion was granted, new counsel was appointed, and the Speedy Trial clock started again on October 28, 2020. Docket 17; *see Long*, 900 F.2d at 1276. Another 20 non-excludable days[5] elapsed before this attorney also moved to withdraw, on November 17, 2020. Docket 23. This motion was granted, and a new attorney was appointed the same day, so the clock started again on November 18, 2021. Docket 24. Another 22 non-excludable days[6] elapsed before Johnson's first motion to continue, which stopped the clock again. Docket 29. Thus, before the first motion for a 60-day continuance was filed on December 10, 2020, 44 days had elapsed that counted against Johnson's Speedy Trial time.[7]

---

[4] October 24-25, 2021.

[5] October 28-November 16, 2021 (inclusive).

[6] November 18-December 9, 2021 (inclusive).

[7] This reflects 2 days from her initial appearance until the first motion to withdraw, 20 days from this motion being granted until her second attorney moved to withdraw, and 22 days from the time the second motion to withdraw was granted until her first motion for continuance.

Johnson argues that the clock started running again on February 11, 2021, because that was 60 days after her first motion to continue. *See* 2022 Docket 16 at 7. But her motion asked that the trial date be continued for 60 days from the current trial date, then set for December 29, 2020, not for her trial to be continued 60 days from the date of the motion. *See* Docket 29 ("Johnson[] moves the Court to continue all the deadlines and the trial date in this matter for sixty days (60)[.]"). The court set a new trial date of March 2, 2021.[8] Docket 30. That first 60-day continuance had not yet elapsed on February 11, 2021, when Johnson filed for another 60-day continuance. Docket 33. This pattern—where Johnson moved for another continuance prior to the expiration of the previous continuance—remained the same for each of Johnson's continuances. *See* Dockets 29, 33, 36, 42, 46, 49, 51, 58. This means that all the days from December 10, 2020, when the first continuance was filed, to May 26, 2022, the day the remaining count of the Indictment was dismissed, are excluded under the Speedy Trial Act. Thus, only 44 non-excludable days elapsed in Johnson's 2020 case.

---

[8] The new trial date of March 2, 2021 was 63 days after the previous trial date. A continuance of exactly 60 days would have resulted in a trial date of Saturday, February 27, 2021. Thus, the court set the new trial date for the following Tuesday, the day of the week this court generally starts trials, so that Johnson received the full 60-day continuance she requested. These additional three days are also excluded under the Speedy Trial Act because "[a]ny period of delay resulting from a [granted] continuance" is excluded. 18 U.S.C. § 3161(h)(7)(A); *see also* Fed. R. Crim. P. 45(a)(1) ("[I]f the last day [of a period] is a Saturday . . . the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Johnson also filed her next motion for continuance before the previous 60-day period had expired. *See* Docket 33.

Because the 2022 indictment against Johnson is for the same offense, the Speedy Trial clock from her 2020 indictment would have started running again on July 12, 2022, the day after her initial appearance.[9] 2022 Docket 6. On July 12, however, Johnson objected to the July 26, 2022, trial date that had been set by the court. 2022 Dockets 12, 13.

Johnson objected because the new trial date was within 30 days of her initial appearance, and she did not waive the 30-day period under 18 U.S.C. 3161(c)(2). 2022 Docket 13. This provision states that "[u]nless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel . . . ." The Speedy Trial Act further provides that

> If any indictment . . . is dismissed upon motion of the defendant . . . and thereafter . . . [an] indictment is filed charging such defendant with the same offense . . . the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent . . . indictment.

18 U.S.C. § 3161(d)(1). Thus, when an indictment is dismissed upon a defendant's motion and she is then later reindicted on the same charges, she is entitled to the 30-day period under 18 U.S.C. § 3161(c)(2). But there is no corresponding provision guaranteeing a defendant this 30-day period when the initial indictment is dismissed upon the government's motion, as it was here. *See* Dockets 81, 83. To find that a defendant is guaranteed another 30-day

---

[9] Johnson claims that the Speedy Trial clock began running again on July 7, 2022, the day she was reindicted. 2022 Docket 16 at 9. The Eighth Circuit expressly rejected this argument in *Leone*, 823 F.2d at 248.

period when the initial indictment is dismissed upon motion of the government would be contrary to the plain language of the statute. *See United States v. Talley*, 16 F.3d 972, 975 (8th Cir. 1994) ("In determining the proper scope of a statute, we start with its plain language."). Congress could have provided defendants with another 30-day period when the initial indictment is dismissed upon the government's motion, but it chose not to do so. *United States v. Rojas-Contreras*, 474 U.S. 231, 235 (1985) ("Had Congress intended that the 30-day trial preparation period of § 3161(c)(2) commence or recommence on such a date, it would have so provided.").

Although the court is unaware of any binding precedent directly on point, this interpretation of the Speedy Trial Act is consistent with how other courts have addressed the issue. In *Rojas-Contreras*, the Supreme Court held that the 30-day period did not begin to run anew following a superseding indictment. *Id.* at 234. Concurring in the judgment, Justice Blackmun wrote that "when an indictment is dismissed on motion of the Government, and the defendant is thereafter reindicted, both the 30-day and 70-day periods continue to run from the first indictment" because otherwise, "[t]o permit a new 30-day period, but not a new 70-day period, could lead to a result surely not intended by Congress, namely, that there is no day on which a defendant could be brought to trial." *Rojas-Contreras*, 474 U.S. at 239; *see also United States v. Horton*, 676 F.2d 1165, 1169 (7th Cir. 1982) (holding defendant not entitled to a new 30-day period following a reindictment where the government obtains

the dismissal of the initial indictment); *United States v. Law*, 526 F. Supp. 2d 513, 518 (E.D. Pa. 2007) (same).

This does not mean, however, that Johnson must be compelled to go to trial within 30 days of her reindictment. *See Rojas-Contreras*, 474 U.S. at 236. The court still has discretion to grant a continuance if "the ends of justice served" by doing so "outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. 3161(h)(7). Although Johnson did not style her objection to the July 26 trial date as a continuance, the Eighth Circuit has treated similar filings as such. *United States v. Bonilla-Filomeno*, 579 F.3d 852, 856 (8th Cir. 2009) (treating a "motion to set a specific trial date" that did not contain the word "continue" as a continuance because "the clear objective of the government's motion was to assure that the trial would not occur prior to" the requested date); *see also United States v. Bloate*, 655 F.3d 750, 756 (8th Cir. 2011) ("A party's submission—whether express or implied, formal or informal—can be considered a 'motion' for Speedy Trial Act purposes if it contains a request for relief that requires court intervention."). Thus, because Johnson was not entitled to the 30-day period following her reindictment, and because the "clear objective" of her objection to the July 26 trial date "was to assure that the trial would not occur" less than 30 days after her initial appearance on the reindictment, the court concludes that Johnson's objection was a motion for a continuance.

Any delay resulting from this continuance is then excluded from the 70-day Speedy Trial clock, if it was granted based on a finding that "the ends of

justice served" by granting the continuance "outweigh[ed] the best interest of the public and the defendant in a speedy trial." 18 U.S.C. 3161(h)(7). Here, the amended scheduling order the court issued in response to Johnson's objection did not use the specific language from § 3161(h)(7). *See* 2022 Docket 14; *see also Johnson*, 990 F.3d at 668 ("The court must make the findings, if only in the judge's mind, before granting the continuance." (internal quotation omitted)). The court did, however, choose to continue the trial in a manner that would comply with the Speedy Trial Act as a whole and that would provide Johnson with her requested 30 days. 2022 Docket 14. Although Johnson grounded her objection in her assumed right to the 30-day period, her "refusal to waive [her] assumed right to additional time indicated to the [court] that the defense was not ready for trial." *United States v. Eakes*, 783 F.2d 499, 503 (5th Cir. 1986).

Providing defense counsel with "reasonable time necessary for effective preparation" is a factor that Congress instructed courts to consider when deciding whether to grant a continuance. 18 U.S.C. § 3161(h)(7)(B)(iv). The court thus concludes that the trial was continued based on a finding that "the ends of justice served" by granting the continuance "outweigh[ed] the best interest of the public and the defendant in a speedy trial." Contrary to Johnson's claim that the Speedy Trial clock continued to run until she filed her motion to dismiss the indictment, *see* 2022 Docket 16 at 9, the clock stopped with Johnson's objection on July 12, and the entire period of delay resulting from the granted continuance is excluded from the Speedy Trial clock. This

means that only 44 days of non-excludable time will have elapsed by August 30, 2022, the day trial is currently scheduled to begin.

## II.    CONSTITUTIONAL SPEEDY TRIAL RIGHTS

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. amend. VI. "[T]he Sixth Amendment right to a speedy trial attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." *United States v. Sprouts*, 282 F.3d 1037, 1042 (8th Cir. 2002) (citation omitted). Courts consider four factors, established by the Supreme Court in *Barker v. Wingo*, to determine whether a defendant's Sixth Amendment speedy trial rights were violated. 407 U.S. 514, 530 (1972).

The court considers: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of her right; and (4) prejudice to the defendant. *Id.* These four factors are neither "a necessary [nor] sufficient condition to the finding of a deprivation of the right of speedy trial." *Id.* at 533. "Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Id.* Determining the weight of each factor is a "difficult and sensitive balancing process" that must be "carried out with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution." *Id.* The Eighth Circuit has advised, however, that "[i]t would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not." *United States v. Aldaco*, 477 F.3d 1008, 1018-19 (8th Cir. 2007) (quoting *United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003)).

13

### A.      The Length of Delay

In considering the length of the delay, a court first considers "(1) whether the length of delay was presumptively prejudicial such that it triggers the *Barker* analysis, and, if triggered, (2) the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Johnson*, 990 F.3d at 670 (quoting *United States v. Rodriguez-Valencia*, 753 F.3d 801, 805 (8th Cir. 2014)). In *Johnson*, the court found that a 14-month delay was "presumptively prejudicial." *Id.* Here, Johnson was first arrested on October 21, 2020, creating a more than 21-month delay, which is presumptively prejudicial.[10] Thus, the court addresses whether the delay is greater than necessary to trigger examination of the claim. *Id.*

"[T]he length of delay that will provoke [an inquiry into a constitutional violation of speedy trial rights] is necessarily dependent upon the peculiar circumstances of the case." *Barker*, 407 U.S. at 530-31. For example, "[t]he delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Id.* at 531. Here, Johnson was charged with conspiracy to distribute a controlled substance, specifically

---

[10] The government argues that the relevant length of delay for the constitutional speedy trial analysis is only from July 6, 2022, the date of Johnson's reindictment, until the current trial date of August 30, 2022. 2022 Docket 20 at 12. Johnson assumes the relevant length of delay is measured from her first indictment. *See* 2022 Docket 16 at 10. Neither party submits legal authority to support their contention. Because it does not change the outcome, the court will assume, without deciding, that the relevant length of delay is measured from the date of the first indictment.

heroin, and distribution of a controlled substance resulting in death or serious bodily injury. Docket 1; 2022 Docket 1.

Conspiracy to distribute heroin carries a maximum sentence of 20 years imprisonment. 21 U.S.C. §§ 841(a)(1), (b)(1)(C) & 846. Distribution of a controlled substance resulting in death or serious bodily injury carries a minimum sentence of 20 years imprisonment and a maximum of life. 21 U.S.C. § 841(a)(1), (b)(1)C). Johnson is facing serious charges that could result in life in prison if she is found guilty. Further, the charges are complex and the charge of distribution resulting in death or serious bodily injury requires expert medical analysis. Both the government and the defense retained a medical expert to evaluate the evidence. *See* Docket 58 ¶ 1; 2022 Docket 16 at 12. Given the severity and complexity of the charges in this case, the "delay that can be tolerated" is greater than in a simpler, less serious case. *Barker*, 407 U.S. at 531.

Courts have found that delays longer than the delay here do not necessarily violate a defendant's rights when the other factors indicate that the delays were necessary and not prejudicial. *See id.* at 533-36 (five-year delay did not constitute constitutional violation); *Rodriguez-Valencia*, 753 F.3d at 805-08 (same for six-and-a-half year delay); *Reynolds v. Leapley*, 52 F.3d 762, 763-64 (8th Cir. 1995) (same for nine-year delay). Given the severity and complexity of the charges, and the balance of the remaining *Barker* factors below, the court determines that here, too, Johnson's right to a speedy trial was not violated.

### B.     Reasons for the Delay

"Closely related to the length of delay is the reason the government assigns to justify the delay." *Barker*, 407 U.S. at 531. "A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government." *Id.* "A more neutral reason such as negligence . . . should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Id.*

The court must determine whether the government or the defendant was "more to blame" for the delay. *Rodriguez-Valencia*, 753 F.3d at 806 (quoting *Doggett v. United States*, 505 U.S. 647, 651 (1992)). Courts look to whether there is "bad faith or dilatory purpose on the Government's part . . . ." *United States v. Sims*, 847 F.3d 630, 635 (8th Cir. 2017) (quoting *United States v. Loud Hawk*, 474 U.S. 302, 316 (1986)). Here, the reasons for delay can be divided into two categories: (1) continuances filed to allow time for defense counsel "to properly review and investigate discovery" and otherwise prepare for trial, and (2) delay resulting from the government's error in the initial indictment.

### 1.     Continuances to Allow Time for Investigation, Discovery Review, and Trial Preparation

Johnson's trial was initially set for December 29, 2020. Docket 16. Beginning on December 10, 2020, defense counsel then filed eight motions for a continuance. Dockets 29, 33, 36, 42, 46, 49, 51, 58. Each of the first seven continuances stated that "[d]iscovery production [was] ongoing and additional

time [was] needed to properly review and investigate discovery with Defendant before defense counsel can competently advise Defendant if a plea agreement or trial is in Defendant's best interest. *Id.* The eighth continuance stated that "[the government] provided Defendant an expert report on January 28, 2022[,] with a witness they intend to call [for] trial on March 1, 2022. Defendant would like an opportunity to hire an independent defense expert to review the report, the medical records, and opine on the issue in Defendant's defense."[11] Docket 58 ¶ 1. These continuances, together, pushed the trial date to May 31, 2022. Docket 59. For the reasons explained above, the court also construes the defendant's objection to the first trial date in the 2022 case as a motion for continuance because the defense needed more time for trial preparation. *See* Part I, *supra*. These delays, which all came at the request of the defense, are weighed against the defendant. *United States v. Erenas-Lunas*, 560 F.3d 772, 777 (8th Cir. 2009) (citing *Vermont v. Brillon*, 556 U.S. 81, 90 (2009)).

### 2. Delay Resulting from Government's Error

The remaining delay, approximately two months from the final trial date of May 31, 2022, in the 2020 case until the first trial date of July 26, 2022, in the 2022 case is the result of the government's error regarding the date of the offense in the original indictment. *See* 2022 Docket 20 at 3. Charging the incorrect date of the offense and failing to notice this error for nearly 20

---

[11] Johnson does not argue that the expert notice was untimely or that the timing of the notice was the result of bad faith on the part of the government. *See* 2022 Docket 16 at 3.

months is "clearly seriously negligent." *Erenas-Lunas*, 560 F.3d at 777. Thus, this 2-month delay "weigh[s] decidedly against the government." *Id.* Despite this, because the defense was responsible for most of the delay, the court finds that the second *Barker* factor still weighs against Johnson.

### C.     Johnson's Responsibility to Assert Her Right

Third, the court considers the defendant's responsibility to assert her right to a speedy trial. "The defendant's assertion of [her] speedy trial right . . . is entitled to strong evidentiary weight in determining whether [she] is being deprived of the right." *Barker*, 407 U.S. at 531-32. The Supreme Court "emphasize[d] that failure to assert the right will make it difficult for a defendant to prove that [she] was denied a speedy trial." *Id.* This factor of the test serves to ensure that a defendant meets some responsibility to assert her right to a speedy trial. But courts in the Eighth Circuit have not held that a defendant's assertion of her speedy trial right strengthens her case, only that a failure to assert it may weaken her case. *See, e.g., United States v. Weber*, 479 F.2d 331, 333 (8th Cir. 1973).

Here, Johnson asserted her speedy trial rights via her objection to the government's motion to dismiss the initial indictment and again in the motion the court now addresses. Docket 82; 2022 Docket 16. The court addresses her argument that the rights have been violated on the merits and does so only because she unequivocally asserted her right to a speedy trial. Thus, while Johnson's assertion of her right may be necessary for the court to address the claim, it does not independently support the merits of that claim.

### D.      Prejudice to Johnson

Finally, the court addresses prejudice to Johnson from the delay. *Barker*, 407 U.S. at 532. "[A] showing of prejudice is required to establish a violation of the Sixth Amendment Speedy Trial Clause[.]" *United States v. Mallett*, 751 F.3d 907, 914 (8th Cir. 2014) (quoting *Reed v. Farley*, 512 U.S. 339, 353 (1994)). The court considers the need to prevent oppressive pretrial incarceration, to minimize anxiety and concern of the accused, and to limit the defense's impairment due to delay. *Barker*, 407 U.S. at 532. Whether the defense is impaired is the most important consideration in determining prejudice to the defendant. *Id.* "[T]he prejudice is obvious" where witnesses die or disappear during the delay, but "[t]here is also prejudice if defense witnesses are unable to recall accurately events of the distant past." *Id.*

Here, Johnson has been on pretrial release during the pendency of both cases, so she has not endured "oppressive pretrial incarceration." *See* Docket 13; 2022 Docket 8. Johnson argues that, because her sentencing on the conspiracy count to which she pleaded guilty is scheduled prior to her trial date, this "may result in pretrial incarceration," which would "prejudice[] her in her ability to prepare for her case . . . in the days leading up to trial." 2022 Docket 16 at 12. But Johnson is free to move to continue her sentencing until after her trial, and even if she were detained in the days leading up to trial, any resulting impact on her ability to prepare is lessened by her having been on pretrial release during the previous 22 months.

Johnson also claims that "[t]he significant threat of punishment in this case" increases the amount of her anxiety and concern more "than the regular Defendant." *Id.* The court does not diminish that Johnson has been living under a cloud of suspicion since her arrest in 2020 on charges that include an allegation that she is responsible for the serious bodily injury of another person. Anxiety and concern, however, are not enough alone to demonstrate prejudice. *United States v. McGhee*, 532 F.3d 733, 740 (8th Cir. 2008) (citing *United States v. Shepard*, 462 F.3d 847, 865 (8th Cir. 2006)).

To argue that her defense has been impaired—the most important factor in determining prejudice—Johnson states only that her medical expert is not available for the current trial date. 2022 Docket 16 at 12. But she does not state that this medical expert would be unavailable at another date, or that the expert's testimony would suffer in any way from the delay. Johnson also argues that continuing the trial further to a date where her medical expert is available would unfairly subject her to increased anxiety and concern, even though the government is responsible for this delay. *Id.* at 12-13. But it was Johnson's objection to the July 26 trial date that resulted in her case being continued to August 30, 2022. Thus, the court finds that Johnson's defense has not been impaired by the delay, and she has not been prejudiced by the delay.

## CONCLUSION

Although there have been significant delays in this case, these delays do not amount to a violation of the Speedy Trial Act because the court finds that the ends of justice served by each period of delay occasioned by a motion for

continuance outweighed the best interests of the public and the defendant in a speedy trial.

The delay does, however, presumptively trigger analysis under the Supreme Court's factors in *Barker* as to whether Johnson's constitutional right to a speedy trial was violated. But the reasons for the delay—primarily additional trial preparation time requested by Johnson—are legitimate, and the government's negligence contributed to only a small portion of the overall delay. Further, Johnson is not prejudiced by the delay. Thus, it is

ORDERED that Johnson's motion to dismiss (2022 Docket 16) is denied. Trial remains scheduled for August 30, 2022.

Dated August 11, 2022.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE